NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MANUEL CHAVEZ LOBATON, AKA Carlos Manuel Chavez-Lobatos, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-73902 <br><br> Agency No. A088-882-773 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District
Judge.

Carlos Manuel Chavez Lobaton, a native and citizen of Peru, petitions for

review of a decision from the Board of Immigration Appeals (BIA) dismissing an

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Joan N. Ericksen, United States District Judge for the District of
Minnesota, sitting by designation.

appeal from an order of an Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. "We review denials of … withholding of removal[] and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (internal quotation marks and citation omitted). To grant a petition for review under this standard, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it."[2] *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

2. Here, the record does not compel a conclusion contrary to the agency's. Chavez claims that he suffered persecution in 1999, when he was kidnapped twice by criminals and beaten after he refused to provide information about the monetary transactions and management at the hotel where he worked. Three years after the

---

[1] We lack jurisdiction to consider any arguments raised in support of an asylum claim because Chavez did not exhaust that claim before the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). Additionally, Chavez's petition for review only seeks review of the agency's denial of his withholding and CAT claims.

[2] "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (citations omitted).

kidnappings, Chavez left Peru and entered the United States under a visa that he overstayed without authorization.

a. Regarding his withholding of removal claim, Chavez bore the burden of showing that, if removed to Peru, he would more likely than not suffer persecution on account of a protected ground. *See* 8 U.S.C. § 1231(b)(3); *Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004). Chavez contends that he was persecuted in Peru due to his political opinion as a person who "refus[ed] to accede to criminal activity and extortionist demands," and because of his membership in social groups of "Peruvian men beaten and kidnapped by criminal organizations who lack police protection" and "hotel employees who refuse to provide hotel information to criminal groups."[3] But the record supports the agency's finding that Chavez's kidnappers were motivated by pecuniary gain and not any political opinion or any social identity Chavez may have held. Accordingly, he has failed to establish the requisite nexus between the harm he suffered and a protected ground.[4] *See, e.g., Zetino v. Holder*,

---

[3] We lack jurisdiction to consider Chavez's argument that he was harmed on account of his "perceived wealth." *See Sola*, 720 F.3d at 1135.

[4] Although the BIA and the IJ applied the "one central reason" test which has now been supplanted for withholding of removal claims, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the less demanding "a reason" standard applies to withholding of removal claims), we see no reason to remand the case for further consideration. Where, as here, the "the IJ and Board clearly found there was *no* nexus between the [conduct underlying the petitioner's claim] and a protected ground," and where "substantial evidence supports this finding …

622 F.3d 1007, 1015 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence … bears no nexus to a protected ground."); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims.") (citing *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009)). We therefore need not consider whether Chavez's proposed social groups are cognizable.

b. Regarding his CAT claim, Chavez bore the burden of proving "that 'it is more likely than not that … [he] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (first alteration in original) (quoting 8 C.F.R. § 208.16(c)(2)). The agency denied his CAT claim because the passage of time since his past harm minimized the risk of any future torture, and the evidence did not show that he would face any risk of torture outside his hometown or that the government would consent or acquiesce in any future torture. The two kidnappings that occurred more than twenty years ago and Chavez's fear that his hometown has "a lot of crime" do not compel the conclusion that, upon his return, Chavez would more likely than not experience torture "inflicted

---

remanding in light of *Barajas-Romero* would be an 'idle and useless formality' as the outcome would be the same under either standard." *Macias-Padilla v. Sessions*, 729 F. App'x 541, 543 (9th Cir. 2018) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)).

by, or at the instigation of, or with the consent or acquiescence of, a public official … or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED**.